UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Carl Green, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>Gordon Ramsey, et al.,<br><br>    Defendants. | Case No. 14-cv-4856 (SRN/LIB)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION** |

Carl Green, PO Box 3190 Duluth, MN 55803 (pro se Plaintiff).

Mark A. Solheim, Larson King, LLP, 30 East Seventh Street Suite 2800 St. Paul, MN 55101 (for Defendant AAA Ventures, Inc. d/b/a Applied Professional Services);

Alison Lutterman, Deputy City Attorney, Duluth City Attorney's Office, 410 City Hall, 411 West First Street Duluth, MN 55802 (for Defendants Ramsey, Tusken, Rish, Ness, Grace and the City of Duluth).

SUSAN RICHARD NELSON, United States District Judge

  This matter is before the Court on Plaintiff's Objections ("Objections") [Doc. No. 58] to Magistrate Judge Leo I. Brisbois' August 5, 2015 Report and Recommendation ("R & R") [Doc. No. 56] granting in part and denying in part Defendant AAA Ventures' ("AAA") Motion to Dismiss [Doc. No. 25]. The R & R recommends dismissing Plaintiff's 42 U.S.C. § 1981 claim, denying AAA's Motion to Dismiss Plaintiff's 42 U.S.C. § 1983 claim, and denying AAA's motion for attorney's fees. For the reasons set forth below, the Court overrules Plaintiff's objections and adopts the R & R in its entirety.

1

I.     BACKGROUND

   A.     Statement of the Facts Alleged by Plaintiff[1]

Plaintiff is the assignee of Wessman Estate, LLC. (Doc. No. 1 at ¶ 26.) Wessman Estate did business as Twins Bar, a nightclub in Duluth that held a liquor license, a limited food license, and a dance license issued by the City of Duluth. (Id.) Plaintiff asserts claims against Duluth Police Chief Gordon Ramsey, Deputy Duluth Police Chief Mike Tusken, Duluth Police Lieutenant Eric Rish, collection official for the City of Duluth Ruth Ann Grace, Mayor of Duluth Don Ness, Duluth City Councilwoman Charlotte Gardener, AAA, security services provider Allen Butler, and the City of Duluth. (See Doc. No. 1 at 1.) With the exception of Defendants AAA and Butler, all Defendants are municipal officials of the City of Duluth. (Id. at ¶ 27.)

In November 2013, Plaintiff alleges that a Duluth police officer went to Twins Bar to request that Plaintiff cancel the entertainment that was scheduled for December 19, 20, 30, and 31 of 2013 out of security concerns. (Id. at ¶ 38.) On December 19, 2013, Plaintiff claims he had a meeting with Defendants Rish and Tusken where he presented a security plan for Twins Bar that was rejected. (Id. at ¶¶ 41-44.) Plaintiff alleges that the rejected plan conformed to the "custom or policy" of the City of Duluth for similarly situated bars. (Id. at ¶ 43.)

Plaintiff was told that the Police Chief needed to approve his security plan and that

---

[1] The facts of this case are detailed in both the Order and the R & R. (Doc. Nos. 55, 56.) Accordingly, those sections of the Order and the R & R are incorporated herein by reference.

the Chief was requiring that Plaintiff obtain five licensed security officers. (Id. at ¶ 46.) After Plaintiff rejected the security plan requiring him to obtain five officers, the meeting became heated and was concluded. (Id. at ¶¶ 49-50.) Plaintiff alleges that Defendants Rish and Tusken stated "they would find or look for a way to close the business . . . ." (Id. at ¶ 50.) Plaintiff claims he sent Defendants a revised security plan incorporating the five licensed officers later that same day. (Id. at ¶ 51.) Defendant Rish allegedly signed off on the revised plan and reduced the number of required officers from five to four. (Id. at ¶ 53.)

Despite the approval of the revised plan, Plaintiff maintained his belief that requiring four or five licensed officers in addition to in-house security was excessive and racially discriminatory. (Id. at ¶ 54.) Plaintiff attempted to schedule a meeting with Defendant Ness several times to discuss this issue, but such a meeting never occurred. (Id. at ¶ 58.) Plaintiff, however, was able to meet with Defendant Gardener concerning the pendency of his liquor license revocation.[2] (Id. at ¶ 60.) Defendant Gardener ultimately moved the City Council to revoke Plaintiff's liquor license despite Plaintiff's request for a continuance. (Id. at ¶¶ 60-61.)

Based upon the foregoing facts, Plaintiff alleges that Defendants illegally interfered with his licenses, lease, contracts with AAA and Defendant Butler, and various other interests in Twins Bar on the basis of race. (See id. at ¶¶ 63-83.) Specifically, Plaintiff appears to allege that he was subject to conditions that were not imposed on similarly situated Caucasian business owners. (Id. at ¶ 73.)

---

[2] The details—including the date—of this revocation are not included in any version of the Complaint. (See generally Doc. Nos. 1, 44-1, 53.)

Plaintiff further alleges that Defendant Butler told Plaintiff that he had an agreement with Defendant Ramsey whereby if Plaintiff contracted with Butler to perform security services, the four security personnel required by the City of Duluth would no longer be necessary. (Id. at ¶¶ 86, 89.) Plaintiff did contract with Butler on February 12, 2013 to provide security services at Twins Bar. (Id. at ¶ 87.) Plaintiff claims that on Butler's first night providing security services, he discharged his firearm twice outside of Twins Bar in response to an altercation between two individuals, one of whom was armed. (Id. at ¶¶ 90-91.) Plaintiff claims that the discharge of Butler's firearm was part of an agreement between Butler and Ramsey to deprive Plaintiff of his constitutional rights. (Id. at ¶¶ 92-94.)

Additionally, Plaintiff added factual allegations to his Proposed Second Amended Complaint concerning his claims against AAA. (See Doc. No. 53 at 11-12.) Specifically, Plaintiff alleges that AAA told police that one of its officers' marked patrol cars was struck by an intoxicated driver while entering the Twins Bar parking lot and that the driver was carrying a firearm. (Id. at ¶ 58.) Plaintiff claims that AAA involved the police in matters at Twins Bar without Plaintiff's consent and in violation of the contract between Plaintiff and AAA. (Id. at ¶ 59.) Finally, Plaintiff asserts that the security personnel he hired from AAA were actually undercover informants for the police and intentionally tried to injure Plaintiff. (Id. at ¶ 64).

B.   **Procedural Posture**

Plaintiff filed a *pro se* complaint [Doc. No. 1] on November 25, 2014, asserting: (1) a claim against all Defendants under 42 U.S.C. § 1983 alleging violation of his equal protection rights; (2) a claim against all defendants for interfering with his ability to make

4

and enforce contracts in violation of 42 U.S.C. § 1981; and (3) a claim against Defendants Ramsey and Butler alleging that they had conspired to deprive Plaintiff of his civil rights in violation of 42 U.S.C. § 1985(3).

On May 5, 2015, AAA filed its Motion to Dismiss. (Doc. No. 25.) On June 11, 2015, Plaintiff filed a Motion for Leave to Amend the Complaint [Doc. No. 44]. Attached to that motion, Plaintiff submitted a Proposed First Amended Complaint [Doc. No. 44-1]. The Proposed First Amended Complaint alleged: (1) violation of the Fair Housing Act ("FHA") and 42 U.S.C. § 1982 by all Defendants; (2) interference with Plaintiff's ability to make and enforce contracts by all Defendants in violation of 42 U.S.C. § 1981; and (3) a claim against Defendants Ramsey and Butler for conspiracy to deprive Plaintiff of his civil rights in violation of 42 U.S.C. § 1985(3). (See generally id.)

All Defendants filed memoranda in opposition [Doc. Nos. 47, 49] to Plaintiff's Motion for Leave to Amend the Complaint on June 18, 2015. On June 23, 2015, Plaintiff filed a Reply [Doc. No. 52] with a Proposed Second Amended Complaint included as an attachment [Doc. No. 53]. The Proposed Second Amended Complaint alleges: (1) a claim under 42 U.S.C. § 1983 against all Defendants for violation of the FHA and 42 U.S.C. § 1982; (2) a claim that Defendants AAA and Butler violated 42 U.S.C. § 1981 by interfering with Plaintiff's right to make and enforce contracts; and (3) a claim against Defendants Ramsey and Butler for conspiracy to deprive Plaintiff of his civil rights in violation of 42 U.S.C. § 1985(3). (See generally id.)

On August 8, 2015, the Magistrate Judge issued an Order [Doc. No. 55] granting in part and denying in part Plaintiff's motion to amend his complaint. The court first

determined, in its discretion, that Plaintiff's Proposed Second Amended Complaint was the subject of Plaintiff's Motion for Leave to Amend the Complaint. (Order at 9.) The court considered the following proposed amendments to the original Complaint: (1) removal of certain factual allegations from Count II; (2) removal of claims against certain Defendants in Count II; (3) addition of factual allegations in Count I; (4) the addition of the phrase "a/k/a Sharla Gardner" to the caption and Introduction section to identify Defendant Gardner; (5) the addition of claimed violations of the FHA and 42 U.S.C. § 1982 as a basis for Plaintiff's § 1983 claim; (6) replacing paragraphs 4-12 of the Introduction to the original Complaint with paragraphs 4-13 of the Proposed Second Amended Complaint; and (7) the addition of the phrase "in discrimination in land use/property/zoning" to the Introduction section and the headings of Counts I and II. (See id. at 11).

The Magistrate Judge granted Plaintiff's Motion for Leave with respect to the following amendments: (1) removal of certain factual allegations from Count II; (2) removal of claims against certain Defendants in Count II; (3) the addition of factual allegations in Count I; and (4) the addition of the phrase "a/k/a Sharla Gardner" to the caption and Introduction. (Id. at 12-14, 20.) Plaintiff does not object to the Magistrate Judge's decision to grant his motion with respect to these amendments. (See generally Objections.) The Magistrate Judge concluded that amendments (5) and (6) were frivolous and denied them in their entirety. (Id. at 16-17). Amendment (7) was granted with respect to Count II and denied as frivolous with respect to Count I. (Id. at 18). Importantly, the Magistrate Judge also concluded that the Plaintiff abandoned his § 1983 claim based upon violation of equal protection as contained in the original Complaint by not re-alleging that claim in the

6

Proposed Second Amended Complaint. (Id. at 17). Thus, because the request to include a § 1983 claim based upon violations of the FHA or § 1982 was denied, the Magistrate Judge stated in the Order that "Plaintiff may not allege a section 1983 claim for relief in Count I when he submits an amended complaint pursuant to this Order." (Id.)

On the same day the Order was filed, the R & R on AAA's Motion to Dismiss was also filed. At the time AAA filed its Motion to Dismiss under Fed. R. Civ. P. 12(b)(6), the original Complaint contained claims against AAA under §§ 1983 and 1981. (See Doc. No. 1.) However, the Magistrate Judge had already ruled that Plaintiff abandoned his § 1983 claim based upon equal protection and his Motion for Leave to Amend the Complaint to add a § 1983 claim based upon violations of the FHA and § 1982 had been denied. (See supra pp. 3-4; see also Order at 14-17.). Accordingly, the Magistrate Judge recommended denying AAA's Motion to Dismiss Plaintiff's § 1983 claim as moot. (R & R at 11.) Additionally, the Magistrate Judge recommended granting AAA's Motion to Dismiss Plaintiff's § 1981 claim and denying AAA's motion for attorney's fees. (Id. at 12-13.)

Finally, Plaintiff filed his Objections to the R & R on August 14, 2015. Plaintiff appears to assert two specific objections:[3] (1) Plaintiff objects to the Magistrate Judge's conclusion that Plaintiff abandoned the § 1983 equal protection claim contained in the original Complaint by failing to re-allege the claim in the Proposed Second Amended Complaint (See R & R at 1-2.); and, (2) Plaintiff objects to the Magistrate Judge's decision to deny his motion to amend the complaint to include a claim under § 1982. (Id. at 2-4.)

---

[3] Plaintiff also arguably makes a general objection to the R & R. (See R & R at 3; infra part II.D.)

## II.   DISCUSSION

A district court must make an independent evaluation of those portions of an R & R to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  See 28 U.S.C. § 636(b)(1)(c); see also Fed. R. Civ. P. 72(b); D. Minn. LR 72.2(b). Generally, district courts conduct a *de novo* review of a magistrate judge's ruling on dispositive motions, while nondispotive motions are reviewed for clear error. See 28 U.S.C. § 636 (b)(1) (providing *de novo* review for dispositive motions); D. Minn. LR 72.2(b)(3) (same); 28 U.S.C. § 636 (b)(1)(A) (requiring nondispositive motions be reviewed for clear error); D. Minn. LR 72.2(a)(3) (same).[4]

As previously stated, Plaintiff makes two specific objections. First, Plaintiff objects to the Magistrate Judge's finding that he abandoned his § 1983 equal protection claim. (See Doc. No. 58 at 1-2.) Second, Plaintiff objects to the Magistrate Judge's denial of leave to amend the complaint to include a claim under § 1982 and the FHA.

---

[4] While Plaintiff characterizes his objections as relating to the R & R, in actuality, Plaintiff objects to the Order. (See generally Objections.) As such, Plaintiff's objections to the Magistrate Judge's ruling on a nondispositive motion would ordinarily be subject to review for clear error. See 28 U.S.C. § 636 (b)(1)(A). However, the Eighth Circuit favors *de novo* review of pro se objections. See Hudson v. Gammon, 46 F.3d 785, 786 (8th Cir. 1995) (emphasizing the liberal construction standard for pro se litigants applies to objections to reports and recommendations). Additionally, the Magistrate Judge's determination that Plaintiff abandoned his § 1983 equal protection claim appears in both the Order and the R & R. (See Doc. No. 55 at 16-17; Doc. No. 56 at 9.) Finally, the Eighth Circuit has held that denial of leave to amend a complaint is reviewed for abuse discretion, but the underlying legal finding of futility is reviewed *de novo*. See In re Medtronic, Inc., Sprint Fidelis Leads Products Liability Litigation, 623 F.3d 1200, 1208 (8th Cir. 2010). In light of these factors, the Court conducts its review under the *de novo* standard.

### A. Standard of Review

Federal Rule of Civil Procedure 15(a)(2) allows a party to amend its pleading with the other party's written consent or with leave of the court. Fed. R. Civ. P. 15(a)(2). Rule 15 provides that courts "should freely give leave when justice so requires." Id. The Supreme Court has held that leave to amend should generally be granted in the absence of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, or futility of the amendment. See Foman v. Davis, 371 U.S. 178, 182 (1962).

However, the "presumption of liberality," Deroche v. All Am. Bottling Corp., 38 F. Supp.2d 1102, 1106 (D. Minn. 1998), can be overcome where the opposing party shows that the amendment is futile. See, e.g., Knapp v. Hanson, 183 F.3d 786, 790 (8th Cir. 1999). An amendment is considered futile when the claim it purports to create or supplement would not survive a Rule 12(b)(6) motion to dismiss for failure to state claim upon which relief may be granted. See Zutz v. Nelson, 601 F.3d 842, 850-51 (8th Cir. 2010).

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Although a complaint is not required to contain detailed factual allegations, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678

9

(quoting Twombly, 550 U.S. at 555). The plausibility standard requires a plaintiff to show at the pleading stage that success on the merits is more than a "sheer possibility." Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (citation omitted). It is not, however, a "probability requirement." Id. (citation omitted). Thus, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of the facts is improbable, and 'that a recovery is very remote and unlikely.'" Twombly, 550 U.S. at 556 (citation omitted).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). Several principles guide courts in determining whether a complaint meets this standard. First, the court must take the plaintiff's factual allegations as true and grant all reasonable inferences in favor of the plaintiff. Crooks v. Lynch, 557 F.3d 846, 848 (8th Cir. 2009). This tenet does not apply, however, to legal conclusions or "formulaic recitation of the elements of a cause of action;" such allegations may properly be set aside. Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). In addition, some factual allegations may be so indeterminate that they require "further factual enhancement" in order to state a claim. Id. (quoting Twombly, 550 U.S. at 557.) Finally, the complaint "should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible." Braden, 588 F.3d at 594.

Evaluation of a complaint upon a motion to dismiss is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal,

556 U.S. at 679 (citation omitted). A court may consider the complaint, matters of public record, orders, materials embraced by the complaint, and exhibits attached to the complaint in deciding a motion to dismiss under Rule 12(b)(6). Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999).

The Magistrate Judge employed precisely this standard when considering Plaintiff's Motion for Leave to Amend the Complaint and AAA's Motion to Dismiss. (See Doc. No. 55 at 9-10; Doc. No. 56 at 10-11.)

### B. Section 1983 Claim for Alleged Violation of Equal Protection Rights

Plaintiff asserts that the Magistrate Judge erred in finding that he abandoned his § 1983 equal protection claim by failing to re-allege the claim in his Proposed Second Amended Complaint. (Doc. No. 58 at 1-2.)

"It is well established that an amended complaint supersedes an original complaint and renders the original without legal effect." In re Wireless Tel. Fed. Cost Recovery Fees Litigation, 396 F.3d 922, 928 (8th Cir. 2005) (citation omitted). Accordingly, the Magistrate Judge's acceptance of Plaintiff's Second Amended Complaint effectively superseded the original complaint. Thus, by not re-alleging his § 1983 equal protection claim in the Second Amended Complaint, that claim was abandoned. (Compare Doc. No. 1 at 8 with Doc. No. 53 at 8.) Because Plaintiff's § 1983 equal protection claim was in fact abandoned, Plaintiff's first objection is overruled.

### C. Alleged Claims Under the FHA and 42 U.S.C. § 1982

Plaintiff asserts that it was error for the Magistrate Judge to deny as frivolous Plaintiff's request to amend his complaint to include claims under the FHA and 42 U.S.C.

§ 1982. (Doc. No. 58 at 2-3.) As previously stated, an amendment may be denied when it would be futile. Supra part II.A. The Court reviews the futility determination *de novo*.

### 1. The FHA

The FHA "prohibits property owners and municipalities from blocking or impeding the provision of housing on the basis of race, color, religion, sex, familial status, or national origin." Gallagher v. Magner, 619 F.3d 823, 831 (8th Cir. 2010). However, the FHA does not apply here. The text of the FHA states that its prohibitions apply only to dwellings. See 42 U.S.C. § 3604(a)-(f). Dwelling is defined as "any building, structure, or portion thereof which is occupied as, or designed or intended for occupancy as, a residence by one or more persons, and any vacant land which is offered for sale or lease for the construction or location thereon of any such building . . . ." 42 U.S.C. § 3602(b). Plaintiff's claims concern Twins Bar, a commercial establishment that does not fit the definition of dwelling. (See generally, Doc. Nos. 1, 44-1, 53.) Plaintiff makes no allegation and submits no evidence that Twins Bar or any part thereof has or will be used as a residence. (See generally, id.) Thus, the FHA is inapplicable to the present case. Because the FHA is inapplicable to the present case, an amendment to the complaint incorporating such a claim would be futile. Therefore, Plaintiff's objection to the Magistrate Judge's denial of leave to amend the complaint to include a FHA claim is overruled.[5]

---

[5] The Magistrate Judge's denial of leave to add amendment (7)—inserting the phrase "in discrimination in land use/property/zoning"—to Count I was based upon the Magistrate Judge's finding that the § 1983 claim was abandoned and, therefore, Count I would no longer be part of the complaint. (Order at 18.) Because the Court finds that the Plaintiff

### 2. 42 U.S.C. § 1982

Section 1982 provides that "[a]ll citizens of the United States shall have the same right . . . as is enjoyed by white citizens . . . to inherit, purchase, lease, hold, and convey real and personal property." 42 U.S.C. § 1982. The Supreme Court explained that § 1982 was designed "to prohibit all racial discrimination, whether or not under color of law, with respect to the rights enumerated therein—including the right to purchase or lease property." Jones v. Alfred H. Mayer Co., 392 U.S. 409, 436 (1968). Unlike the FHA, § 1982 is applicable to commercial real estate. See e.g., Roy v. City of Augusta, Maine, 712 F.2d 1517 (1st Cir. 1983) (applying § 1982 to a claim for denial of a license to operate a billiard room); see also City of Memphis v. Greene, 451 U.S. 100, 120 (1981) (stating that the Court broadly construes the language of § 1982).

In order to establish a § 1982 claim a plaintiff must show: (1) membership in a protected class; (2) discriminatory intent on the part of the defendant; and (3) interference with the rights or benefits connected with the ownership of property. See Daniels v. Dillard's, Inc., 373 F.3d 885, 887 (8th Cir. 2004) (citation omitted); see also McKenzie v. Fabian, No. 08-164 (PAM/JSM), 2008 WL 5122118, at *4 (D. Minn. Nov. 21, 2008). Here, Plaintiff pleaded facts sufficient to establish his membership in a protected class and interference with his property rights.

However, Plaintiff failed to allege sufficient facts to permit the Court to reasonably infer a discriminatory intent on the part of the Defendants. Many of the

---

did abandon his § 1983 claim, any objection to the denial of amendment (7) is also overruled.

allegations, in all versions of Plaintiff's complaint, are merely conclusory, or take the form of legal conclusions for which no supporting facts are offered. (See, e.g., Doc. 53 at ¶ 64.) (alleging without any factual support that Defendant AAA's employees were undercover police informants); id. at ¶ 49 (stating "Green rejected the requirement as disparate treatment and impact on him and the business due to racial profiling and discrimination based on the custom or policy in the meeting and revised security plan.")

To survive a motion to dismiss, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). Indeed, although courts are required to accept the complaint's factual allegation as true and view them in the light most favorable to the plaintiff, courts are not required to give effect to conclusory allegations of law. See, e.g., Stalley v. Catholic Health Initiatives, 509 F.3d 517, 521 (8th Cir. 1995). After thorough review of all three versions of the complaint, the Court finds that Plaintiff has offered only labels, conclusory allegations of law, and formulaic recitations of the elements in support of his § 1982 claim. Accordingly, the Magistrate Judge properly denied as futile Plaintiff's request to amend the complaint to include a § 1982 claim. Plaintiff's objection to the Magistrate Judge's denial of leave to amend the complaint is overruled.

### D.   Plaintiff's General Objection to the R & R

The Magistrate Judge also recommended dismissing Plaintiff's § 1981 claim for failure to state claim. (R & R at 12.) Although not clearly articulated in Plaintiff's objections, the Court construes Plaintiff's Objections as offering a general objection to

the R & R.[6] (See Doc. No. 58 at 3) (stating "Plaintiff objects to the report and recommendation, especially as it relates to the denial of leave to amend and abandonment of the Section 1983 claim.")

As an initial matter, the Court notes that the R & R outlined the correct standard of review for a motion to dismiss under Rule 12(b)(6). (See R & R at 10-11.) The elements of a § 1981 claim are nearly identical to those required to establish a § 1982 claim. Specifically, a plaintiff must show: (1) membership in a protected class; (2) discriminatory intent on the part of the defendant; (3) engagement in a protected activity; and (4) interference with that activity by defendant. See Gregory v. Dillard's, Inc., 565 F.3d 464, 469 (8th Cir. 2009). The protected activity at issue is the creation of a contractual relationship. See 42 U.S.C. § 1981; see also, Gregory, 565 F.3d at 470.

Here again, Plaintiff pleaded sufficient facts to establish membership in a protected class. However, Plaintiff failed to plead sufficient facts to permit a reasonable inference of discriminatory intent on the part of AAA. The only facts Plaintiff offers in support of his § 1981 claim are that Plaintiff entered into a contract with AAA; AAA

---

[6] Objections to an R & R must be made with specificity. See D. Minn. LR 72.2(b)(1). Arguably, when these specificity requirements are not met, the Court's review of the report and recommendation is done on a clear error standard. See Montgomery v. Compass Airlines, LLC, No. CIV. 14-557 (JRT/FLN), __ F. Supp.3d __, 2015 WL 1522248, at *3 (D. Minn. Mar. 30, 2015), ("Objections which are not specific but merely repeat arguments presented to and considered by a magistrate judge are not entitled to de novo review, but rather are reviewed for clear error."). However, the Eighth Circuit favors *de novo* review of pro se objections, even when they lack the required specificity. See Hudson v. Gammon, 46 F.3d 785, 786 (8th Cir. 1995) (emphasizing the liberal construction standard for pro se litigants applies to objections to reports and recommendations). Thus, the Court conducts its review under the *de novo* standard despite the generalized nature of Plaintiff's objection.

reported to the police that one of their patrol cars had been struck by an intoxicated driver at Twins Bar; the conclusory allegation that AAA personnel were undercover police informants; and that AAA's decision to report the patrol incident to the police was a breach of its contract with Plaintiff. (See Doc. No. 53 at ¶¶ 58-64.) These facts, taken together and viewed in the light most favorable to the Plaintiff, do not permit the Court to reasonably infer any racial animus on the part of AAA. Accordingly, Plaintiff's general objection to the R & R is overruled.

### III.     ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT:**

1. Plaintiff's Objections [Doc. No. 58] are **OVERRULED**;

2. To the extent that Plaintiff's Objections challenge the rulings in the Magistrate Judge's Order [Doc. No. 55], the Order is **AFFIRMED**;

3. The Magistrate Judge's R & R [Doc. No. 56] is **ADOPTED**; and

4. Defendant AAA's Motion to Dismiss [Doc. No. 25] is **GRANTED in part** and **DENIED in part**;

5. Defendant AAA is **DISMISSED** from the case.

Dated: September 24, 2015              s/Susan Richard Nelson
                                       SUSAN RICHARD NELSON
                                       United States District Judge